**SCHOLZ HOMES, INC., Plaintiff-Appellee,**

v.

**Lavern E. LARSON, Defendant-Appellant.**

**No. 18003.**

United States Court of Appeals,
Seventh Circuit.

Jan. 26, 1971.

Paul M. Smith, Jr., Keith K. Nicolls, William E. Lucas, Chicago, Ill., for defendant-appellant; Horton, Davis, McCaleb & Lucas, Chicago, Ill., of counsel.

Lawrence C. Mills, Robert J. Garrett, Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, and FAIRCHILD and KERNER, Circuit Judges.

FAIRCHILD, Circuit Judge.

This is an appeal by defendant Larson from an order after judgment allowing plaintiff Scholz Homes, Inc. to satisfy its judgment against defendant Kilby out of a fund deposited with the court. The fund was deposited by Larson as security in lieu of supersedeas to obtain a stay of execution on a judgment against both Kilby and Larson, pending appeal. The appeal turned out favorably for Larson, but only partially so for Kilby.

In July, 1967, the district court entered a judgment in favor of Scholz and against Larson and Kilby in the amount of $99,955.81 and costs. The amount represented damages which the court found plaintiff suffered as a result of entering into a certain transaction. The court found each defendant acted with fraudulent intent and held each jointly and severally liable to Scholz for the damages found. Both defendants appealed and applied for a stay of execution pending appeal. A stay was ordered upon filing of a supersedeas bond in the amount of $100,000. No bond was filed for some time, and plaintiff continued efforts to collect.

August 19, 1968, all parties filed a stipulation providing that defendants be granted leave to file certificates of deposit in the amount of $100,000, payable to the clerk, as security to plaintiff, in lieu of the supersedeas bond. Plaintiff consented to the form of security and agreed to dismiss all proceedings for enforcement of its judgment against defendants or either of them.

On August 27, the district court entered an order directing the clerk to accept certificates of deposit as security in lieu of the supersedeas bond and that execution thereupon be stayed pending determination of the appeal. On the same day a certificate of deposit in the amount of $100,000, payable to the clerk was received "as security deposit in lieu of supersedeas bond per Judge Campbell's order of 8/27/68". There is no question but that the funds represented by the certificate of deposit belonged to Larson and his wife.

We decided the appeal May 14, 1969, and the material part of the judgment of this court was "that insofar as the judgment of the said District Court in this cause appealed from awarded recovery from defendant Larson, it is Re-

**1062**

versed, and the cause is Remanded to the said District Court for such proceeding as may be appropriate under Count III. Insofar as the judgment awarded recovery from defendant Roger Kilby, it is modified so as to award recovery, as of July 13, 1967, of the sum of $59,955.81 and costs, and, as so modified, that part of the judgment is Affirmed, with interest, in accordance with the opinion of this Court. * * * "

As set forth in the opinion,[1] we decided that the finding of fraudulent intent upon which Larson's liability was predicated was clearly erroneous. We sustained the findings upon which Kilby's liability was based, but reduced the amount of the judgment by $40,000. We were of the opinion that an amount of $40,000 included in the damages computed by the district court could not be sustained.

The district court, in the order now appealed from, held that plaintiff is entitled to collect its modified judgment against Kilby (with interest and costs) out of the fund which was deposited in order to obtain the stay.

We affirm.

Plaintiff had been attempting to collect its judgment by proceeding against both defendants. The record is clear that both had appealed, both applied for stay of execution, and, upon the deposit of the fund, both were given the protection of the stay. If the stay had been granted only as to Larson, plaintiff would have been left free to attempt collection from Kilby to protect itself in the event it ultimately was left with a judgment only against Kilby. It would be unfair to stay execution against Kilby and then deny plaintiff resort to the fund deposited to obtain the stay.

No such limitation on the use of the fund was expressed. We think that in this proceeding ownership of the fund is immaterial, and that it is to be subjected to plaintiff's claim under the same rules as would govern liability of a surety on a supersedeas bond.

In our opinion, neither the reversal as to one of the judgment debtors nor the reduction in amount as to the other relieves the fund from liability.

"It seems to be the general rule that affirmance of the judgment appealed from as to one or more of several appellants, and reversal as to the rest of the appellants as the result of a joint appeal from a judgment against all appellants, constitutes a breach of the condition to prosecute with effect in regard to those appellants as to whom the judgment was affirmed." [2]

"It is the prevailing doctrine that if there are several defendants, and, upon an appeal by all of them, the judgment against them is reversed as to some and affirmed as to others, the sureties are liable on the bond." [3]

"The surety stands liable on that which is affirmed. For example, reversal of a judgment as to only one of several parties affected by it does not discharge a surety from liability as to unsuccessful appellants. The reason is that the 'obligation or contract of the parties to the bond, both principals and sureties, was to secure such a reversal in the Court of Appeals as to leave no judgment standing which could be enforced against any of the defendants. * * * '" [4]

The judgment against Kilby was reduced in amount, but it was not "wholly reversed" [5] nor "substantially reversed." [6] "A surety is presumed to undertake

1. 411 F.2d 342, 347.

2. Anno. 163 A.L.R. 410, 420, citing cases.

3. Fischer v. Bayer (1923), 108 Or. 311, 216 P. 1028.

4. Rector v. Massachusetts Bonding & Ins. Co. (1951), 89 U.S.App.D.C. 83, 191 F. 2d 329, 332.

5. Babbitt v. Finn (1879), 101 U.S. 7, 25 L.Ed. 820.

6. Gay v. Parpart (1880), 101 U.S. 391, 25 L.Ed. 841.

a bond 'with the intention of binding itself to pay not only the full amount of the judgment but such part of it as the Supreme Court should hold on appeal to be recoverable.' " [7]

The order appealed from is affirmed.

---

7. Rector, *supra*, fn. 4, 191 F.2d p. 332, quoting from American Surety Co. v. Standard Asphalt Co. (5th Cir., 1935), 75 F.2d 1, 3.