**POPLAR GROVE PLANTING AND RE-FINING CO., INC., Plaintiff-Appellee,**

v.

**BACHE HALSEY STUART, INC., Defendant-Appellant.**

No. 79–1673
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1979.

*Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Phillip A. Wittmann, James C. Gulotta, Jr., New Orleans, La., for defendant-appellant.

John V. Parker, Baton Rouge, La., for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

CHARLES CLARK, Circuit Judge:

Poplar Grove Planting and Refining Co., Inc. (Poplar Grove) was awarded an unconditional $270,985.65 judgement plus interest and costs against the defendant, Bache Halsey Stuart, Inc. (Bache) in the United States District Court for the Middle District of Louisiana. Bache filed with that court a timely notice of appeal. On Bache's ex parte motion to fix the amount of a supersedeas bond in order to stay enforcement of the final judgment pending disposition on appeal, the court fixed a $10,000 bond as the total security required for supersedeas [Fed.R.Civ.P. 62(d)] and costs. [F.R.A.P. 7]. Upon filing of the $10,000 bond by Bache, the court stayed execution of the judgment pending disposition of the appeal.

Poplar Grove took issue with the court's summary determination and immediately moved in the district court to increase the amount of the supersedeas bond. In denying the motion, the district court reasoned only that "no useful purpose would be served by increasing the amount of the supersedeas bond." The order was appealed to this court which, unable to divine the underlying reasons for limiting plaintiff's bond protection, remanded with directions "for the limited purpose of enabling that court to explicate the basis upon which its actions were predicated, with directions to embody the statement of its reasoning in a supplemental order which shall be filed with this court as promptly as reasonably possible."

Rather than supplying information which would facilitate meaningful review of its exercise of discretion, the court responded:

It is difficult to state reasons for the setting of the $10,000 bond other than to say the court thought then and thinks now it is sufficient.

By way of amplification, it said:

It is a bond which will cover the costs in the case, and under the evidence submitted to the court it is ridiculous to even suggest that the defendant could not respond to the judgment if and when it becomes final. Plaintiff has nothing to gain by the court increasing the bond, and it has nothing to lose if the bond remains as set by the court. To increase the bond as indicated by the plaintiff simply penalizes the defendant for taking an appeal in this case when the plaintiff has presented absolutely no evidence of any kind to even suggest that the defendant could not and would not respond to the judgment rendered if and when it becomes final. A supersedeas bond should not be used as a penalty for a party availing itself of its appeal rights, which is all that an increased bond in this case would accomplish.

The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending

appeal. A judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal. At the same time, the bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.

■ The predecessor to present Fed.R. Civ.P. 62(d), originally Civil Rule 73(d), had directed that the amount of the bond be computed by the district court to include "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond." Although the present rule does not by its terms precisely define the amount and conditions of a supersedeas bond, it has been read consistently with the earlier rule. *Trans World Airlines, Inc. v. Hughes*, 314 F.Supp. 94 (S.D.N.Y.1970), aff'd, 515 F.2d 173 (2d Cir. 1975); *C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc.*, 368 F.Supp. 501 (E.D.Pa.1973); 9 Moore's Federal Practice ¶ 208.05 at 1418 (2d Ed. 1969). The nature of the bond's dual protection role requires that these conditions normally be imposed.

■ If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof. Such a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money.

■ The record on appeal contains no evidence which would permit a court to objectively determine that Bache is presently capable of responding to the judgment. Nor have we evidence that such present capability as it now has will continue for an indefinite time into the future. Likewise, nothing in the record indicates that Bache's financial condition is so impaired that it would have difficulty in securing a supersedeas bond in an amount sufficient to fully protect the rights which Poplar Grove acquired against Bache's assets by virtue of its money judgment.

■ If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond. Contrariwise, if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor. *See Trans World Airlines, Inc. v. Hughes, supra*, 314 F.Supp. 94; *C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc., supra*, 368 F.Supp. 501. The district court in the present case did not base its exercise of discretion upon the existence of either circumstance detailed.

The cause is remanded to the district court with directions to reevaluate the competing interests involved in conformity with the opinion of this court promptly upon receipt of this mandate, and to establish some type of positive protection of the judgment creditor's rights as outlined herein, or, in the alternative, to vacate its order approving a reduced supersedeas bond and require full bonded protection during the pendency of this appeal.

REMANDED WITH DIRECTIONS.