**Tony AVIRGAN and Martha Honey, Plaintiffs,**

v.

**John HULL, et al., Defendants.**

**No. 86–1146–Civ.**

United States District Court, S.D. Florida, Miami Division.

Feb. 23, 1989.

The Christic Institute, Thomas Kellenberg, Catholic University of America Co-

lumbus School of Law, Washington, D.C., R. Jerome Sanford, Miami, Fla., for plaintiffs.

Fytzgerald, Portela & Portuondo by Joseph J. Portuondo, Wood Lucksinger & Epstein, Miami, Fla., for Adolfo Calero.

Milledge, Iden & Snyder by Allan Milledge, Florence Beth Snyder, Miami, Fla., for Rafael "Chichi" Quintero, Thomas Clines, Albert Hakim.

Spencer, Bernstein, Seemann & Klein, Miami, Fla., William Henry Stiles, V, Key Biscayne, Fla., Law Offices of John P. Sears, Philip J. Hare, Washington, D.C., for John Singlaub.

Jack McKay, P.C. Washington, D.C., Alley, Maass, Rogers, Lindsay & Chauncey by George P. Ord, Palm Beach, Fla., for Theodore Shackley.

Fine Jacobson Schwartz Nash Block & England, P.A. by Theodore Klein, Miami, Fla., for Mario Delamico and James McCoy.

Robert W. Owen, Washington, D.C., pro se.

Bruce Jones, Lutz, Fla., pro se.

Diaz, Silveira & Associates, P.A. Coral Gables, Fla., for Jorge Gonzalez.

Robert F. Garcia–Esquerro, Coral Gables, Fla., for Rene Corbo.

Walton, Lantaff, Schroeder & Carson by Luis S. Konski, Miami, Fla., for Moises (Dagaberto) Nunez.

## ORDER ON MOTION FOR STAY AND SETTING TERMS OF SUPERSEDEAS

JAMES LAWRENCE KING, Chief Judge.

Before the court is the movants'[1] motion for a stay from execution of this court's judgment dated February 2, 1989, 705 F.Supp. 1544. In that order the court ordered reimbursement of costs and fees to the defendants that totalled $1,034,361.36. The movants desire a stay without the posting of a supersedeas bond, or in the alternative, a stay with a posting of some alternative security. The defendants argue that a stay pending appeal should only be issued once the movants post a supersedeas bond in the full amount of the judgment. All parties have briefed the relevant issues in detail and made the necessary financial disclosures.

A literal reading of Fed.R.Civ.P. 62(d) indicates that a court can issue a stay pending appeal only when the judgment debtor posts a supersedeas bond. *See* Moore, J. and Jucas, J.D., 7 Moore's Federal Practice, § 62.06 at 62–31 (2d ed. 1987). The only exceptions to this rule appear to be the special cases of Fed.R.Civ.P. 62(a), which are actions involving injunctions, receiverships or patent accountings.

■ Federal courts today generally follow Fed.R.Civ.P. 62(d) unless a case presents one of two rare instances. *See Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794 (7th Cir.1986). *See also Federal Prescription Service, Inc. v. American Pharmaceutical Assoc.*, 636 F.2d 755 (D.C.Cir. 1980). In these two circumstances the posting of a bond to secure a stay pending appeal is inappropriate: (1) where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money, and, (2) where the requirement would put the defendant's other creditors in undue jeopardy. *Olympia Equipment*, 786 F.2d at 796 (citing authority). In such a case, the district court may grant the stay without the posting of any security, or accept a form of alternative security. *See Federal Prescription Service, Inc.*, 636 F.2d 755, 758 (D.C.Cir.1980); *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir.1979).

■ The movants argue that this case is a similar rare instance, and ask the court to exercise its discretion under Fed.R.Civ.P. 62(d) to construct a derivative of the second circumstance. In their motion for a stay,

---

1. As the motion for a stay and the supplemental response to the motion for a stay reveal, the movants are the plaintiffs, Tony Avirgan and Martha Honey, Daniel Sheehan, Esquire, and the Christic Institute.

the Christic Institute[2] does not indicate its other creditors, but does reveal its precarious financial position. Lanny A. Simpkin, Assistant General Counsel of the Christic Institute, has stated in an affidavit that the Institute "does not have sufficient cash or other liquid assets at this time to post a supersedeas bond in the amount of the sanctions." Plaintiffs Exhibit A at p. 2. The affidavit further states that the Institute has $60,000.00 as a cash balance, and land holdings totalling $328,112.00. *Id.* The rest of the Institute's assets appear to be computer equipment and anticipated donations from their fund raising efforts. *Id.* at 2–3. Accordingly, the movants maintain that their posting of a bond will render the Christic Institute insolvent and force the Institute to discontinue its operations. They, therefore, contend that this court should not force a bankruptcy allowing the movants either to post no security or alternative collateral.

Contrary to the movants' argument, a prospective inability to pay a judgment must defeat the request for a stay without a bond. The court can only dispense with the requirement for a bond after the judgment debtor has "objectively demonstrated his ability to satisfy the judgment and maintain the same degree of solvency through the appellate process." 7 Moore's Federal Practice, § 62.06 at 62–34 (2d ed. 1987). The District of Columbia Circuit, therefore, has approved a district court's dispensing of the bond posting requirement where a wealthy judgment debtor's net worth was forty-seven times the amount of the judgment, and the debtor's ability to respond was unquestioned. *See Federal Prescription Service, Inc. v. American Pharmaceutical Assoc.*, 636 F.2d 755, 761 (D.C.Cir.1980); *accord Northern Indiana Public Service Co. v. Carbon County Coal Co.*, 799 F.2d 265, 281 (7th Cir.1986).

Similarly, in order to obtain the posting of alternative security, the judgment debtor must demonstrate a present financial ability to "facially respond to a money judgment and be willing to present to the court a financially secure plan for maintaining that same degree of solvency during the appeal." *See Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). For this reason, the Tenth Circuit affirmed a district court's requirement of the posting of substitute collateral in a case similar to the one here. *See Miami Intern. Realty Co. v. Paynter*, 807 F.2d 871, 874 (10th Cir.1986). *Paynter* involved an attorney who faced a $2.1 million malpractice verdict. The attorney, who three days after the verdict drained his checking account and went to Las Vegas to gamble away $60,000.00, had no assets to secure the award. He requested a stay without posting a bond, contending that posting a bond would render him insolvent. The district court then ordered the attorney to deposit the proceeds of his malpractice insurance, which totalled about one-quarter of the judgment, into the court's treasury in order to obtain a stay. *Id.* at 872–873. The Tenth Circuit affirmed the district court, finding that the security posted protected the judgment creditors and did not irreparably injure the judgment debtor. *Id.* at 873 (citing *Texaco, Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154–1155 (2nd Cir. 1986)).

The movants' admitted precarious financial condition, therefore, defeats their contention that this case is a rare instance where a bond is unnecessary or alternative collateral properly could be posted. The Institute's financial statements and Mr. Simpkin's affidavit reveal that the Institute will have difficulty maintaining the same state of solvency through the appellate process. Accordingly, the court must require the movant's to post a supersedeas bond.[3]

---

2. Avirgan and Honey also have made financial disclosures.

3. In their supplement to the emergency motion for a stay, the movants argue that this court's requiring them to post a bond will infringe upon their First Amendment rights. Without citing authority or detailing the type of speech

that the bond posting will abridge, the Institute essentially claims that the posting will place it out of business and force the plaintiffs to end their careers as journalists.

Neither contention has any merit. The court's order today does not abridge the movants' exercise of their First Amendment rights in

To determine the specific amount of the bond, which is generally reserved to the sound discretion of the district judge, *see Federal Prescription Service, Inc.*, 636 F.2d at 758–759, the court turns to the predecessor of present Fed.R.Civ.P. 62(d), "old" Civil Rule 73(d). Old Civil Rule 73(d) directed that the amount of the bond be computed to include "the whole amount of the judgment remaining unsatisfied, costs of the appeal, interest, and damages for delay." *See Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir.1979) (citing old Civil Rule 73(d)). Although the present rule does not precisely define the amount and conditions of the supersedeas bond, Fed.Rule Civ.P. 62(d) has been read consistently with the earlier rule. *See Poplar Grove*, 600 F.2d at 1191 (citing *Trans World Airlines, Inc. v. Hughes*, 314 F.Supp. 94 (S.D.N.Y.1970), *aff'd*, 515 F.2d 173 (2nd Cir.1975)); *accord Federal Prescription Service, Inc. v. American Pharmaceutical Assoc.*, 636 F.2d 755, 758–759 (D.C.Cir.1980). Accordingly, because a supersedeas bond must be posted, the court will now determine the amount and conditions of that bond pursuant to "old" Civil Rule 73(d).

■ The amount of this bond can be determined in a straightforward manner. The judgment amount is $1,034,381.36. The court estimates the costs of appeal for these twenty-plus defendants to be $5,000. The court believes statutory post judgment interest during the time of this appeal should be approximately $72,500. The bond amount should also include attorneys' fees the defendants will incur on appeal. A reasonable amount for these fees is $100,000. Accordingly, the amount of the supersedeas bond is $1,211,881.36.

In addition, the court must exercise its discretion and place certain conditions upon the bond. The movants are all nonresidents. In order to assure that this court has jurisdiction over the movants' bonding company, the bonding agency shall be the one authorized to do business in the United States District Court for the Southern District of Florida. The movants have asked this court for time to raise the necessary means to post this bond. The court, therefore, will enter a stay for ten days so the movants can post the bond. Of course, a necessary condition of this stay will be that the movants not dissipate any of their assets.

It is important to note that, with the Christic Institute's admitted financial difficulty, this case appears to be just the type for which the supersedeas is designed— "the financial distress of the debtor puts the judgment creditor in peril if it waits for the appeal to take its course." *See Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 800 (7th Cir.1986) (Easterbrook, J., concurring). The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. *See Prudential Ins. Co. of America v. Boyd*, 781 F.2d 1494, 1498 (11th Cir.1986). The bond "is an important safeguard." *Olympia Equipment Leasing Co.*, 786 F.2d at 800 (Easterbrook, J., concurring). In essence, because much of the Institute's assets that must secure this judgment are dependent upon speculative, intangible contributions, the defendants are entitled to the protection afforded by a bond. Furthermore, while the Institute argues that it is in a precarious financial position, its disclosures reveal that they have assets sufficient to secure the bond and pay the expenses of the bond.

Consistent with this opinion, the court

ORDERS and ADJUDGES that a stay of execution is hereby ENTERED until 3:00 p.m. on March 3, 1989. The court

FURTHER ORDERS and ADJUDGES that this stay of execution expires at 3:01

---

any manner. The Institute is still free to hold press conferences and contact all press agencies. Similarly, the plaintiffs are still free to participate in journalistic activities. Nevertheless, even if the court's order today abridged the movants' First Amendment freedoms, such an abridgment must be constitutional. The court's posting requirement is a content-neutral order. Moreover, the order is narrowly drawn to support a significant judicial interest: to secure payment of monies to individuals injured by the maintenance of a groundless lawsuit.

p.m. on March 3, 1989, unless the movants comply with the following events and conditions:

(1) that the movants, through a bonding company authorized to do business in the United States District Court for the Southern District of Florida, post and file with the Clerk of this Court a bond in the sum of $1,211,881.36.

(2) pending the time period from the date of this order until March 3, 1989, the plaintiffs, Avirgan and Honey, the Christic Institute, and Daniel Sheehan, shall not dispose of assets for the purpose of avoiding satisfaction of the judgment.

DONE and ORDERED.