**ADVANCED ESTIMATING SYSTEM, INC., a Florida Corporation, Plaintiff,**

v.

**Timothy J. RINEY, an individual, and Damon, Inc., a Florida Corporation, Defendants.**

No. 91–8378–CIV.

United States District Court. S.D. Florida.

Jan. 9, 1997.

Jack Edward Dominik, Dominik & Stein, Miami Lakes, FL, for Timothy J. Riney, Damon, Inc., for defendant.

Thomas Emerson Scott, Jr., Lisa Daugherty Patten, Davis Scott Weber & Edwards, Miami, FL, for plaintiff.

### ORDER DENYING MOTION TO STAY FINAL JUDGMENT AND GRANTING MOTION TO SUSPEND PERMANENT INJUNCTION

RYSKAMP, District Judge.

THIS CAUSE came before the court upon defendant's Motion to Stay Final Judgment and to Suspend Permanent Injunction [DE 377], filed November 5, 1996. Plaintiff has responded in opposition, and defendant has replied.

■ Under Rule 62(d) of the Federal Rules of Civil Procedure, "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay" from execution of the judgment. Additionally, "[i]f a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal," the district court, at its discretion, may substitute some form of guaranty of judgment responsibility for the supersedeas bond. *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir.1979). However, defendants must post a full security supersedeas bond under normal circumstances, *see Poplar Grove,* 600 F.2d at 1191; *see also Federal Prescription Serv., Inc. v. American Pharmaceutical Ass'n,* 636 F.2d 755, 760 (D.C.Cir.1980), and the courts should only allow lesser bonds on extraordinary occasions. *North River Ins. Co. v. Greater New York Mutual Ins. Co.,* 895 F.Supp. 83, 84–85 (E.D.Pa.1995).

This exception permitting a lesser bond requires the judgment debtor "objectively [to] demonstrate[ ] his ability to satisfy the judgment and maintain the same degree of solvency throughout the appellate process." *Avirgan v. Hull,* 125 F.R.D. 185, 187 (S.D.Fla.1989), *aff'd,* 932 F.2d 1572 (11th Cir. 1991), *cert. denied sub nom Christic Institute v. Hull,* 502 U.S. 1048, 112 S.Ct. 913, 116 L.Ed.2d 813 (1992). Thus, the burden was on defendant to present a "financially secure plan" to maintain its ability to satisfy the judgment during the pendency of the appeal. *Poplar Grove,* 600 F.2d at 1191.

■ Defendant proposes to substitute for the posting of a supersedeas bond by posting his copyright in the Kolvin Pro estimation program as alternative security. Mr. Riney's affidavit states that the copyright is worth "several hundred thousand dollars." Riney Aff. ¶ 26 at 5. The Court, however, has no way of ascertaining whether this copyright would be sufficient to cover the $866,000 judgment returned against Mr. Riney if sold on the market today, or what value the copyright may have at the end of the appeal. The Court does not believe that the exception to the rule requiring full security should be construed to permit a defendant to post security of uncertain value in place of a full supersedeas bond.

■ Defendant also asks the Court to suspend during the pendency of the appeal the injunction entered in the Final Judgment. Plaintiff responds that the law of the case prevents the Court from so doing, because the Eleventh Circuit denied defendant's request for a stay of the injunction on November 10, 1994. However, the Eleventh Circuit rendered this decision when the issue of excusable neglect dominated this case. Circumstances have changed significantly since that time. The Eleventh Circuit adopted the excusable neglect standard of *Pioneer Inv. Servs. v. Brunswick Assocs.,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), for all determinations of excusable neglect, *Advanced Estimating System, Inc. v. Riney,* 77 F.3d 1322 (11th Cir.1996), and remanded the case to this Court. By Order dated September 18, 1996, the Court found defendant's neglect excusable, and permitted an appeal of the merits of this case. Although plaintiff has apparently appealed that order as well, this case now stands in a quite different posture than when the Eleventh Circuit denied defendant's original motion to stay the injunction. Accordingly, the Court does not find itself to be bound by the law of the case, and will consider the merits of defendant's request.

Federal Rule of Civil Procedure 62(c) permits this Court to grant a stay of an injunction "upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." The Supreme Court has identified four factors to be considered in assessing a request for a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987).

The Court has previously expressed its opinion that defendant that is likely to prevail on appeal, given the Eleventh Circuit's holding in *Mitek Holdings, Inc. v. Arce Engineering Co., Inc.,* 89 F.3d 1548 (11th Cir. 1996). Thus, the first factor cuts in favor of defendant. This Court has also expressed its opinion that public policy favors defendant in this case. It therefore finds that the public interest factor favors defendant as well.

The second and third factors require the Court to weigh the harm that defendant may incur absent a stay against the harm that plaintiff may incur should a stay be granted. On balance, the Court finds it more likely that defendant will suffer irreparable harm as a result of the injunction that plaintiff will be substantially injured by a stay. Accordingly, the Court will stay the injunction pending the appeal.

The Court has considered the motion, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that Motion to Stay Final Judgment and to Suspend Permanent Injunction [**DE 377**] be, and the same is hereby **GRANTED IN PART AND DENIED IN PART.** The Motion is **DENIED** insofar as defendant seeks to substitute a lesser form of security for a full supersedeas bond. The Motion is **GRANTED** insofar as the injunction imposed by the Court's Final Judgment is hereby **STAYED** pending appeal.