Michael H. HOLLAND et al., Plaintiffs,

v.

Diane G. LAW, et al., Defendants.

No. Civ.A. 5:95–0874.

United States District Court,
S.D. West Virginia,
Charleston Division.

Jan. 29, 1999.

Susan Cannon–Ryan, Charleston, WV, Larry Newsome, Brian H. Benjet, Washington, DC, for plaintiffs.

Diane G. Law, pro se.

## ORDER

HALLANAN, Senior District Judge.

Currently pending before the Court is Defendant. Diane G. Law's Memorandum of Law in Support of Motion for Stay of Execution on Real Property Pending Appeal. Plaintiff filed an Opposition to said Motion. Having reviewed said motions, as well as all memoranda both in support and opposition, as well as all relevant case law, the Court is now prepared to issue its ruling.

### I.

On June 15, 1998, the Court entered summary judgment against Defendants Diane G. Law and Alan T. Law in the amount of $9,573,123.45. Defendants filed a joint notice of appeal on July 28, 1998. A decision in said appeal has not yet been rendered. As a result of the above judgment. Plaintiffs began conducting enforcement actions to collect the amount due under said judgment. As part of those actions, Plaintiffs commenced an action in the Circuit Court for Summers County. West Virginia, to compel the sale of a parcel of real property owned by Defendant, Diane G. Law.[1] As a result of this action commenced by Plaintiffs, Diane G. Law filed a Motion for Stay of Execution on Real Property Pending Appeal. For the reasons set out below the Court hereby denies said motion.

### II.

▮ For an appellant to be granted a stay of execution on real property, that appellant must satisfy the requirements set forth in Rule 62(d) and 62(f) of the Federal Rules of Civil Procedure. According to Rule 62(d) a stay of proceedings to enforce a judgment may be obtained when the appellant has posted a supersedeas bond subject to the exceptions stated in Rule 62(a).[2] Fed.

---

1. These actions have only been taken against Diane Law due to the automatic stay imposed by

Title 11 of the U.S.C. as a result of Alan T. Law's chapter 11 bankruptcy filing.

2. None of the exceptions set forth in Fed.R.Civ.P.

R.Civ.P. 62(d). The stay becomes effective when the supersedeas bond is approved by the court. *Id.* The purpose of the supersedeas bond is to preserve the status quo during the pendency of an appeal. The supersedeas bond "protects the winning party from the possibility of loss resulting from the delay in execution." *Schreiber v. Kellogg,* 839 F.Supp. 1157, 1159 (E.D.Pa.1993). Defendant's motion for stay is fatally flawed as she has not proposed a plan to provide security by way of supersedeas bond that adequately protects the interest of the plaintiffs.

■ It has been held in the many appellate and at least one of the Court's sister jurisdictions, however, that a court may use its discretion to alter the supersedeas bond requirement of Rule 62(d) of the Federal Rules of Civil Procedure. See *Olcott v. Delaware Flood Co.,* 76 F.3d 1538, 1559–60 (10th Cir.1996); *Townsend v. Holman Consulting Corp.,* 881 F.2d 788, 796–97 (9th Cir.1989); *Dillon v. City of Chicago,* 866 F.2d 902, 904 (7th Cir.1988); *Texaco, Inc. v. Pennzoil Co.,* 784 F.2d 1133, 1154 (2d.Cir.1986), rev'd on other grounds, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987); *Federal Prescription Serv., Inc. v. American Pharm. Assoc.,* 636 F.2d 755, 758 (D.C.Cir.1980); *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir.1979). However, the power of the court to waive the supersedeas bond requirement should only be exercised in " 'extraordinary circumstances,' and only where alternative means of securing the judgment creditor's interest are available." *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 1992 WL 114953 at *1–2 (E.D.Pa.1992) (holding that a district court may use its discretion to stay a judgment with no supersedeas bond if doing so does not unduly endanger the judgment creditor's interest in ultimate recovery). Although the Defendant has not alleged that she is unable to post a supersedeas bond due to "extraordinary circumstances", the Court finds that even if she had championed this position, there are no showings of "extraordinary circumstances" that would allow the Court to exercise its discretion to modify Rule 62(d)'s requirement to post a supersedeas bond.

Defendant must also comply with the guidelines set forth in Rule 62(f) of the Federal Rules of Civil Procedure before she may be granted a stay of execution on her real property. Rule 62(f) states as follows:

**Stay According to State Law:** In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

As opined by Plaintiffs, Rule 62(f) is in essence a two-part test in order to ensure comity between jurisdictions. The first question that must be answered is whether the Court's judgment creates a lien upon the judgment debtor's property. According to West Virginia Code § 38–3–6 a district court's judgment is a lien against the judgment debtor's real property.

■ The second part of the test granting a stay under Rule 62(f) requires that the judgment debtor affirmatively establish that she would be entitled to a stay under West Virginia state law. To answer this question the Court turns to § 55–14–4 of the West Virginia Code. Section 55–14–4(a) of the West Virginia Code states:

**Stay:** If the judgment debtor shows the circuit court that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded ... upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered.

Therefore, West Virginia Code section 55–14–4(a) makes clear that in order to obtain a stay of execution on a foreign judgment pending appeal, the judgment debtor must satisfy the security requirements of the jurisdiction in which it was rendered. Hence, absent compliance with Rule 62(d) of the

62(a) are met in the case at bar.

Federal Rules of Civil Procedure, the judgment debtor can not obtain a stay under § 55–14–4 of the West Virginia Code. Consequently, Defendant is not entitled to a stay under Rule 62(d) and 62(f) because she is not entitled to a stay under West Virginia state law.

Accordingly, the Court **ORDERS** that Defendant's Motion for Stay of Execution on Real Property Pending Appeal be and is hereby **DENIED.**

The clerk is directed to mail a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**