John **ALEXANDER** d/b/a Alexander & Company and Schiffer Publishing, Ltd. Plaintiffs and Counter–Defendants,

v.

**CHESAPEAKE, POTOMAC, AND TIDEWATER BOOKS, INC.** d/b/a the Washington Book Trading Company and G. Paul Modrak Defendants and Counter–Plaintiffs.

No. C.A. 98–1595–A.

United States District Court, E.D. Virginia, Alexandria Division.

Dec. 6, 1999.

---

tain a stay of the judgment pending appeal without posting a full supersedeas bond.

## I

Plaintiffs John Alexander, doing business as Alexander & Company, and Schiffer Publishing brought a variety of claims against defendants Chesapeake, Potomac, and Tidewater Books, Inc., doing business as the Washington Book Trading Company ("Washington Book"), and Paul Modrak, all arising from defendants' publication and sale of plaintiff Alexander's book, *Ghosts: Washington's Most Famous Ghost Stories Revisited.* Final judgment in this case was entered after a jury trial on the breach of contract and tortious interference claims, and post-trial motions on plaintiffs' copyright infringement claim. The jury awarded $16,175.50 for breach of contract and $57,750.00 for tortious interference, and the Court awarded an additional $53,622.28 for copyright damages.[1] In addition to the damages award, an injunction was entered which required defendants, *inter alia,* to destroy the infringing materials.

Defendants now seek a stay of the money judgment without first posting a bond securing the full amount of the judgment and costs, claiming that they lack the resources to do so. They also seek to modify the injunction pending appeal, so as to suspend the requirement for destruction of the infringing materials.[2]

Russell James Gaspar, Brian Lee Longest, Cohen Mohr, L.L.P., Washington, D.C., for Plaintiff or Petitioner.

Scott Alexander Zebrak, Venable, Baetjer, Howard & Civiletti, L.L.P., Washington, D.C., for Defendant or Respondent.

## MEMORANDUM OPINION

ELLIS, District Judge.

The post-judgment issue presented in this copyright, contract, and tortious interference case is whether a judgment debtor may ob-

## II

The first question is whether a district court has discretion to stay a judgment pending appeal without first requiring a bond that secures the full amount of the judgment. Analysis of this question properly begins with Rule 62(d), Fed.R.Civ.P., which provides, in pertinent part, that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay."[3] The plain

---

1. For a more complete statement of facts and discussion of the damages award in this case, see *Alexander v. Chesapeake, Potomac, and Tidewater Books, Inc.,* 60 F.Supp.2d 544 (E.D.Va.1999).

2. The parties attempted unsuccessfully to agree to a practical alternative to a full supersedeas bond, and a practical alternative to destruction of the infringing materials, pending appeal.

3. The stay obtained pursuant to Rule 62(d) is subject to certain exceptions not relevant here, namely, "interlocutory or final judgment[s] in an action for an injunction or in a receivership, or a judgment or order directing an accounting in an action for infringement of letters patent." Rule 62(a), Fed.R.Civ.P.

meaning of the language is unmistakable: A judgment debtor wishing to appeal a judgment is entitled to a stay of the judgment if the debtor provides a supersedeas bond.[4] Even assuming, then, that the term "supersedeas bond" as used in the Rule means a bond that fully secures the entire judgment,[5] Rule 62(d), by its terms, says no more than that an appellant may obtain a stay as a matter of right by posting such a bond.[6] Significantly, Rule 62(d) does not address, and hence does not preclude, issuance of a stay on the basis of some lesser bond, or indeed, no bond. It follows, logically, that this Rule leaves unimpaired a district court's inherent, discretionary power to stay judgments pending appeal on terms other than a full supersedeas bond. Indeed, every circuit that has addressed the issue has reached

precisely this result.[7] And, although the Fourth Circuit has not yet squarely decided the issue,[8] the only reported Fourth Circuit district court decision on this point reaches the same result.[9] In summary, then, the answer to the first question presented is that a district court's inherent discretionary power to stay judgments pending appeal on the basis of less than a full supersedeas bond, or no bond, is not addressed or affected by Rule 62(d), which establishes only the narrow proposition that a full supersedeas bond *entitles* an appellant to the issuance of a stay pending disposition of the appeal. Left to be resolved is a second question, namely, what principle guides a district court's exercise of discretion to issue a stay of the judgment on less than a full bond securing the entire judgment.

4. *See Federal Prescription Serv., Inc. v. American Pharm. Ass'n,* 636 F.2d 755, 759 (D.C.Cir.1980) ("Beyond question, Rule 62(d) entitles the appellant who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right.").

5. As Black's reflects, the typical use of the term "supersedeas bond" connotes "[a] bond required of one who petitions to set aside a judgment or execution and from which the other party *may be made whole* if the action is unsuccessful." Black's Law Dictionary 1438 (6th ed.1990) (emphasis added). But Black's also notes that the term "supersedeas" is simply "[t]he name of a writ containing a command to stay the proceedings at law" and "is often used synonymously with a 'stay of proceedings,' and is employed to designate the effect of an act or proceeding which of itself suspends the enforcement of a judgment." *Id.* at 1437–38. Thus, a supersedeas bond is arguably *any* bond that, by order of a district court, stays enforcement of a money judgment, even if the bond secures only a portion of the money judgment.

Notwithstanding this potential ambiguity in the phrase "supersedeas bond," it seems clear that the supersedeas bond contemplated in Rule 62(d) is a full security bond, one that secures the entire amount of the judgment, and any deviation from such a bond requires a district court's approval. *See Federal Prescription Serv.,* 636 F.2d at 760 ("[A] full supersedeas bond should be the requirement in normal circumstances. . . ."); *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir.1979) (holding that a party who wishes to stay judgment on less than a full security supersedeas bond must "objectively demonstrate the reasons for such a departure").

6. *See Federal Prescription Serv.,* 636 F.2d at 759–60 (limiting Rule 62(d) to "stays obtained as a

matter of right"); *Olympia Equip. Leasing Co. v. Western Union Telegraph Co.,* 786 F.2d 794, 796 (7th Cir.1986) ("[P]osting a bond entitles the appellant to a stay of execution pending appeal; that is of course what Rule 62(d) says; if he does not post a bond, then he risks the district judge's deciding to deny a stay.").

7. *See Dillon v. City of Chicago,* 866 F.2d 902, 904 (7th Cir.1988) (noting that a judgment debtor "may move that the district court employ its discretion to waive the bond requirement"); *Olympia Equip. Leasing Co.,* 786 F.2d at 800 (noting that a district court has discretion to stay judgment on terms other than a full security supersedeas bond); *Federal Prescription Serv., Inc.,* 636 F.2d at 759 (holding that a full security supersedeas bond entitles the appealing party to a stay of judgment "as a matter of right," but that the party may otherwise move the court to stay judgment on other terms); *Poplar Grove,* 600 F.2d at 1191 (noting that deviation from the standard bond requirement is appropriate if the appealing party "demonstrates reasons for such a departure").

8. Neither of the Fourth Circuit cases cited by the parties squarely address this issue. *See In re National Homeowners Sales Service Corp.,* 554 F.2d 636, 637 (4th Cir.1977) (holding that a party must stay a bankruptcy court order of sale, when appealing that order, on the ground that sale of the property in question to a good faith purchaser renders the appeal moot); *Fidelity & Deposit Co. of Maryland v. Davis,* 127 F.2d 780, 782 (4th Cir.1942) (holding that a bond may be required to stay judgment pending application for a writ of certiorari to the Supreme Court).

9. *Holland v. Law,* 35 F.Supp.2d 505, 506 (S.D.W.Va.1999).

The Fifth Circuit's statement of the governing principle is lucidly succinct: In determining whether to issue a stay pending appeal on the basis of less than a full bond, a district court should act to "preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove*, 600 F.2d at 1190–91. In the typical case, of course, this principle is best served by requiring a full supersedeas bond as a condition to the issuance of a stay of judgment pending appeal.[10] But, the Fifth Circuit also noted that in light of the purpose of a bond on appeal, a full bond may not be necessary in either of two polar circumstances: (i) when the judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal, and (ii) when "the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden." *Id.* at 1191. In the former case, the court may "substitute some form of guaranty of judgment responsibility for the usual supersedeas bond." *Id.* In the latter case, "the court . . . is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." *Id.*[11] In these circumstances, fashioning an alternative to a full supersedeas bond in the latter case can be "a very difficult task," as the district court must find some way "to make the judgment creditor as

well off during the appeal as it would be if it could execute at once, but no better off." *Olympia Equip. Leasing Co.*, 786 F.2d at 800 (Easterbrook, J., concurring).

Therefore, where, as here, the judgment debtor has not the means to secure a full supersedeas bond,[12] a stay may issue if the judgment debtors, defendants Modrak and Washington Book, provide security such that plaintiffs will be in nearly the same position at the conclusion of the appeal of this case as they are currently. Such a bond or security may well be significantly less valuable than the amount of the damages award. *See Olympia Equip. Leasing*, 786 F.2d at 800 (Easterbrook, J. concurring) ("When the judgment debtor lacks the assets or credit necessary to pay at once and in full, this means that the judge should give the creditor less than complete security.").[13] In other words, any security or bond offered by defendants in this case should simply reflect and preserve defendants' current ability to satisfy the judgment. At present, the record reflects that both defendants are arguably insolvent, and that their combined assets could not satisfy half the judgment, even putting aside their current liabilities. Yet, defendants did set aside $16,175.50 for payment to plaintiffs in this case, which is all defendants appear able to pay in satisfaction of the current judgment.[14] Thus, to put plaintiffs in the same position as they are now at the conclusion of appeal, defendants

**10.** *See Federal Prescription Serv.,* 636 F.2d at 759 (D.C.Cir.1980); *Poplar Grove,* 600 F.2d at 1191.

**11.** These two exceptions to the standard bond requirement have been accepted by other circuits. *See Olympia Equipment Leasing Co.,* 786 F.2d at 796 (noting that a bond is inappropriate "where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money" and "where the requirement would put the defendant's other creditors in undue jeopardy"); *Dillon,* 866 F.2d at 904–05 (recognizing the two exceptions); *Federal Prescription Serv.,* 636 F.2d at 760–61 (holding that a bond was not necessary when the net worth of the judgment debtor was 47 times the amount of the damage award).

**12.** Defendant Modrak submitted two affidavits in which he indicates that both he and defendant Washington Book lack the assets to satisfy

the judgment. Further, the affidavits show that the liabilities of each defendant dwarf their respective assets. Plaintiffs, after a reasonable opportunity to investigate defendant Modrak's statements regarding his and Washington Book's financial status, presented no reason to believe that defendants' financial status was other than as represented.

**13.** *See also International Wood Processors v. Power Dry, Inc.,* 102 F.R.D. 212, 214–15 (D.S.C.1984) (holding, in considering whether a bond or other security was necessary to stay judgment pending post-trial motions, that plaintiff must be "properly secured against the risk that the judgment debtors will be less able to satisfy the judgment subsequent to disposition of the . . . motions").

**14.** This is so because defendants have consistently conceded that plaintiff Alexander is owed that amount for unpaid royalties.

must secure that amount for plaintiffs' benefit.[15] Accordingly, defendants may either post a bond in the amount set aside, or, if the parties agree, place the sum into an escrow account, to be released to plaintiffs if they prevail on appeal.[16] Accordingly, stay of judgment has been conditioned on the happening of one of these.

### III

■ Defendants also seek modification of the injunctive relief pending appeal, namely, to suspend the requirement that they destroy the infringing materials. Consistent with its expansive equitable powers, a district court may "in its discretion ... modify ... an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Rule 62(c), Fed.R.Civ.P. Defendants do not seek to distribute the infringing materials, publish more books, or otherwise continue to infringe plaintiff's copyright. Instead, defendants seek relief from the requirement that they take the irreversible and not inexpensive step of destroying the infringing books, printing negatives, and other materials. In the circumstances, this is reasonable, as the other aspects of the injunction, which remain in effect, ensure that a delay in the destruction of the materials will not harm plaintiffs. The parties simply must determine some means of monitoring defendants' use of the materials. And because the infringing materials will cause no harm to plaintiffs while sitting in storage, no additional bond or other security is necessary to protect plaintiffs' rights.

Thus, defendants' motion has been granted in part, in that the money judgment will be stayed on less than a full supersedeas bond, and the injunction has been modified as requested. Defendants' motion has been denied in all other respects.

The Clerk is directed to forward copies of this Memorandum Opinion to all counsel of record. An appropriate order has entered.

---

15. Indeed, were a greater bond required, one that fully secured the judgment and costs, a likely scenario would include defendants proceeding to pursue an appeal without a stay of the judgment, plaintiffs seeking to enforce the judgment, and defendants responding by declaring bankruptcy and seeking a discharge of the judgment debt.

16. If the parties agree to place the amount set aside into an interest-bearing escrow account, and plaintiffs prevail on appeal, plaintiffs would be entitled to any interest earned during the appeal, as well as the principal sum in escrow.