In re WESTERN FIDELITY
MARKETING, INC., et
al., Debtors.

James Blakeman, Plaintiff,

v.

Philip R. Bishop, et al., Defendants,

v.

Western Fidelity Marketing,
Inc., Intervenor.

No. 4:01–MC–0020–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Sept. 9, 2002.

Max Renea Hicks, Austin, TX, James B. Barlow, Barlow & Garsek, Ft. Worth, TX, for C.W. Stocker, III and C.W. Stocker, III, P.C.

David F. Chappell, Suzanne K. Rosen, Chappell Hill & Lowrance, L.L.P., Fort Worth, TX, for Philip R. Bishop and Bishop, Payne, Harvard & Kaitcer, L.L.P.

## MEMORANDUM OPINION AND ORDER

MCBRYDE, District Judge.

Came on for consideration the motion of defendants, Philip R. Bishop and Bishop, Payne, Harvard & Kaitcer, L.L.P. (collectively "Bishop"), to release part of a supersedeas fund held in the registry of the court. The court, having considered the motion, the response of C.W. Stocker, III and C.W. Stocker, III, P.C., (collectively "Stocker"), the record, and applicable authorities, finds that the motion should be granted.

### I.

#### Facts

The facts underlying the motion are undisputed: By order and final judgment signed June 26, 2001, the court ordered that Bishop have and recover from Thomas Bullard ("Bullard") and Stocker, jointly and severally, the sum of $136,943.50, plus postjudgment interest thereon at the rate 3.46% per annum from date of judgment until paid. Bullard and Stocker appealed from the order and final judgment. On July 24, 2001, Bullard and Stocker moved the court to set the amount of a supersedeas bond pursuant to Rule 62(d) of the Federal Rules of Civil Procedure. By order signed July 25, 2001, the court set the amount of the bond at $160,000.00 "conditioned upon the outcome of the appeal." The order provided that upon the posting of the bond all execution or collection efforts be stayed. That stay was, of course, conditioned on the outcome of the appeal. On September 7, 2001, a cashier's check in the amount of $160,000.00 was delivered on behalf of Bullard and Stocker to the United States District Clerk to serve as the bond.

By order signed March 11, 2002, the United States Court of Appeals for the Fifth Circuit dismissed the appeal of Bullard for want of prosecution. Motions to reinstate the appeal, to allow Bullard to adopt the brief and record excerpts of Stocker, and to recall the mandate as to Bullard were denied. Bullard did not file a petition for rehearing or rehearing *en banc;* nor did he file a petition for writ of certiorari. The judgment as to Bullard is now final.

Because the judgment as to Bullard is final, Bishop seeks to collect the judgment from Bullard. Since the supersedeas fund was provided on behalf of Bullard as well as Stocker, Bishop asks the court to release enough of the fund to satisfy the amount of the judgment owed by Bullard to Bishop. Stocker opposes the motion, but cites no authority in point in support of the opposition.

### II.

#### Analysis

▆ A party taking an appeal from a district court is entitled to a stay of enforcement of a money judgment as a matter of right if he posts a bond in accor-

dance with Rule 62(d). *American Mfrs. Mut. Ins. Co. v. American Broad.—Paramount Theatres, Inc.*, 87 S.Ct. 1, 3, 17 L.Ed.2d 37 (Harlan, J., 1966). The purpose of a supersedeas bond is to preserve the status quo while protecting the nonappealing party's rights pending appeal. *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir.1979). "[T]he bond secures the prevailing part against any loss sustained as a result of being forced to forego execution on a judgment during the course of an ineffectual appeal." *Id.* at 1191. Here, there has been an ineffectual appeal by Bullard. The judgment against him is final, due and owing. It would be unfair not to allow Bishop to resort to the fund deposited to obtain the stay to collect his judgment against Bullard. *See Scholz Homes, Inc. v. Larson*, 437 F.2d 1060, 1062 (7th Cir.1971). Where two or more defendants apply for a stay of execution and the appeal is affirmed as to some and reversed as to others, the surety stands liable on that which is affirmed. *Id.* In this case, the cash deposit stands as the "surety."

Stocker argues that Stocker will be unfairly harmed financially if Bishop is allowed to recover Bishop's judgment against Bullard from the supersedeas fund. However, no such harm can come to Stocker. Of course, the fund that was provided to supersede enforcement of the judgment will be used to satisfy Bullard's obligation to pay the judgment; but, Stocker cannot complain, even if Stocker provided the fund, because such a use was one anticipated when the fund was paid into the registry. The judgment as to Bullard is final and Bishop is entitled to enforce the judgment against Bullard. The supersedeas bond was posted on behalf of Bullard and Stocker. Bishop can collect but one judgment. Once the judgment is satisfied, and it will be by use of the funds in the registry of the court, Bishop cannot proceed

against Stocker. Stocker requests that use of the fund be delayed until Stocker's appeal is resolved; but, Stocker would not benefit from such a delay. Even if Stocker were to prevail on appeal and the supersedeas fund were to remain intact until then, the supersedeas fund would still be available to satisfy the judgment against Bullard, and undoubtedly would be used for that purpose. *Scholz Homes, Inc.*, 437 F.2d at 1062.

Next, Stocker argues that, if the supersedeas fund is used to satisfy Bullard's judgment, that use will in some manner, which Stocker does not define, impair the rights of Stocker on appeal. That argument likewise is without merit. Use of the supersedeas fund to pay Bullard's judgment payment obligation would have no greater effect on Stocker's appeal than would the use of any other fund, such as money out of Bullard's pocket, to pay the obligation. Even if payment of the judgment could adversely affect Stocker's appeal, perhaps by causing the appeal to be moot, the prospect that there could be such an effect would provide no more reason for denying Bishop payment from the supersedeas fund than there would be to deny Bishop satisfaction of Bullard's judgment payment obligation from any other source. In Stocker's response to Bishop's motion, Stocker says that Stocker has no objection to Bishop collecting the amount of the judgment directly from Bullard. Thus, there is no apparent logic to Stocker's objection to payment of Bullard's judgment obligation from the supersedeas fund.

Finally, Stocker argues that Bishop ought to be proceeding by pursuing a writ of execution under Rule 69(a) of the Federal Rules of Civil Procedure. That rule provides that process to enforce a judgment for the payment of money be by writ of execution, "unless the court directs oth-

835

erwise." In effect, Bishop is seeking to enforce his judgment by a court order directing the Clerk to release the funds held in the registry as the supersedeas bond and to perform the ministerial task of drawing a check payable to Bishop in the amount of the judgment. The court has no reason to believe that would not be a proper course of action.

Therefore,

## III.

### *ORDER*

The court ORDERS that Bishop's motion to release funds in the registry of the court be, and is hereby, granted and the Clerk is hereby ORDERED to pay to Bishop from the $160,000.00 posted as the supersedeas bond in this action the amount of $136,943.50 plus interest thereon at the rate of 3.46% per annum from June 26, 2001, until the date the payment is made.