**David M. DAUGHERTY, Plaintiff,**

v.

**OCWEN LOAN SERVICING, LLC, Defendant.**

**CIVIL ACTION NO. 5:14–cv–24506**

United States District Court, S.D. West Virginia, **Beckley Division.**

Signed December 5, 2016

Christopher B. Frost, Jed Robert Nolan, Ralph C. Young, Steven R. Broadwater, Jr., Hamilton Burgess Young & Pollard, Fayetteville, WV, Sarah K. Brown, Mountain State Justice, Inc., Charleston, WV, for Plaintiff.

Jason E. Manning, John C. Lynch, Jonathan M. Kenney, Troutman Sanders, Virginia Beach, VA, for Defendant.

## MEMORANDUM OPINION AND ORDER

IRENE C. BERGER, UNITED STATES DISTRICT JUDGE, SOUTHERN DISTRICT OF WEST VIRGINIA

The Court has reviewed the *Defendant Ocwen Loan Servicing, LLC's Motion to Stay Enforcement of Judgment Pending Appeal* (Document 249) and *Memorandum in Support* (Document 250), the *Plaintiff's Response in Opposition to the Defendant's Motion to Stay* (Document 255), and the *Defendant's Reply* (Document 257). For the reasons stated herein, the Court finds that the motion should be denied.

The Plaintiffs initiated this case in the Circuit Court of Raleigh County, West Virginia, on June 8, 2014, and the case was removed to the United States District Court for the Southern District of West Virginia on August 7, 2014. The Plaintiff sought judgment on a number of claims revolving around alleged false or misleading statements on his credit report. Following a jury trial, the jury returned a verdict in favor of the Plaintiff and awarded the Plaintiff damages in the amount of six thousand, one hundred twenty-eight

dollars and thirty-nine cents ($6,128.39) and punitive damages of two million, five hundred thousand dollars ($2,500,000). On June 21, 2016 the Plaintiff filed a motion for attorneys' fees, and in its October 12, 2016 *Memorandum Opinion and Order* (Document 239), the Court granted the Plaintiff's motion and awarded the Plaintiff attorneys' fees in the amount of $163,951.00 and legal expenses in the amount of $23,044.30. The Defendant filed its notice of appeal of the jury verdict and the award of attorneys' fees on October 26, 2016.

The Defendant now requests that the Court stay the execution of judgment pending appeal, pursuant to Rule 62(d) of the Federal Rules of Civil Procedure. The Defendant asserts that it has posted the appropriate supersedeas bond in the amount of $2,506,128.39, and has included in the bond its promise to pay any interest, attorneys' fees, and costs. Therefore, the Defendant argues that it is entitled to a stay as a matter of right. The Plaintiff argues that a stay is not appropriate because the Defendant has not posted a full supersedeas bond, and because the Defendant relies on its parent company as its surety rather than paying a monetary amount. The Plaintiff asserts that both Ocwen and its parent face financial hardships or uncertainty, and so a cash bond is necessary to maintain the status quo pending appeal.

▆▆▆ The Court finds that the Defendant is not entitled to a stay as a matter of right pursuant to Rule 62(d), as it has not posted an appropriate supersedeas bond. Rule 62(d) provides: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond.... The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). *See, United States v. O'Shea*, No. 5:12–CV–04075, 2015 WL 1822848, at *1 (S.D.W.Va. Apr. 21, 2015); *see also, Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 190 F.R.D. 190, 192 (E.D. Va. 1999) ("Rule 62(d), by its terms, says no more than that an appellant may obtain a stay as a matter of right by posting such a bond."). The Defendant has not posted an appropriate bond in any amount whatsoever. The Defendant has filed a document with the Court stating that the Defendant's parent company will cover the full amount of damages awarded by the jury verdict, including any interest, attorneys' fees, and costs. (Def.'s Notice of Filing Supersedeas Bond.) The Court finds that this is not an acceptable supersedeas bond. To be entitled to a stay pending its appeal, the Defendant must post an appropriate supersedeas bond with the Court by filing the appropriate documents and delivering a check to the Clerk's office for the full amount of the award, including the cost of attorneys' fees awarded to the Plaintiff, to be accepted by the Clerk on the Court's authorization and placed in an interest-bearing account.

▆▆▆ The Court notes that it retains discretion to grant a stay with a reduced bond if appropriate. *See Alexander*, 190 F.R.D. at 192 ("Significantly, Rule 62(d) does not address, and hence does not preclude, issuance of a stay on the basis of *some lesser bond*, or indeed, no bond.") (emphasis added). The factors generally considered with respect to a stay pending appeal are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); *see also Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). In considering stays with reduced

bond requirements, district courts within the Fourth Circuit have referenced the standard adopted within the Fifth Circuit Court of Appeals, which provides: "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979); *Alexander*, 190 F.R.D. at 193; *ABT, Inc. v. Juszczyk*, No. 5:09–CV–119–RLV, 2012 WL 117142, at *2 (W. D. N.C. Jan. 13, 2012).

█ Here, however, the Defendant has failed to establish that such a stay without a full and appropriate supersedeas bond is warranted. The Defendant's document assuring the Court that the Defendant's parent company will act as surety does not support a finding that the Defendant is in a position to preserve the status quo. The Defendant has also failed to establish that any of the *Hilton* factors described above fall in its favor. The public interest most certainly lies in insuring that the Defendant can maintain the status quo and protect the rights of the non-appealing party while the appeal is pending. The Court therefore finds that a stay of the judgment should be denied pending the filing of a legitimate bond by the Defendant.

WHEREFORE, after careful consideration, the Court **ORDERS** that the *Defendant Ocwen Loan Servicing, LLC's Motion to Stay Enforcement of Judgment Pending Appeal* (Document 249) be **DENIED** until such time as the Defendant posts a true monetary bond with the Court covering the full amount of the Plaintiff's award, including attorneys' fees.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.