**James R. KIRBY, et al., on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**GENERAL ELECTRIC COMPANY and International Union of Electronic, Electrical, Salaried, Machine, and Furniture Workers (AFL–CIO) and its affiliate IUE (AFL–CIO) Local 182, Defendants.**

**No. CIV. 5:98CV70–V.**

United States District Court, W.D. North Carolina, Statesville Division.

Dec. 8, 2000.

Order denying motion to amend Feb. 6, 2001.

---

Phyllis A. Palmieri, Esq., Morganton, NC, for plaintiffs.

John J. Doyle, Jr., Jill S. Cox, Constangy, Brooks & Smith, LLC, Winston–Salem, NC, Michael L. Banks, Richard G. Rosenblatt, Esq., Morgan, Lewis & Bockius LLP, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

RICHARD L. VOORHEES, District Judge.

**THIS MATTER** is before the Court on the following motions:

(1) "Plaintiffs' Motion for Relief from Judgment", filed July 25, 2000;

(2) "Plaintiff's [sic] Request for Hearing", filed July 25, 2000;

(3) "Plaintiffs' Motion for Leave of Court to Take Additional Discovery", filed July 25, 2000;

(4) "Plaintiffs' Motion to Strike Pursuant to Rule 56(g)", filed July 25, 2000;

(5) "Defendant General Electric Company's Opposition to Plaintiffs' Motion for Relief from Judgment", filed August 11, 2000;

(6) "Defendant General Electric Company's Opposition to Plaintiffs' (1) Motion to Strike Pursuant to Rule 56(g), (2) Motion for Leave of Court to Take Additional Discovery, and (3) Request for Hearing", filed August 18, 2000.

(7) "Defendant General Electric Company's Second Motion for Sanctions Pursuant to Fed.R.Civ.P. 11", filed September 1, 2000;

(8) "Defendant General Electric Company's Second Motion for Costs, Expenses, and Attorneys' Fees Pursuant to 28 U.S.C. § 1927", filed September 1, 2000;

(9) "Defendant General Electric Company's Memorandum of Law in Support of its Second Motion for Sanctions Pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927", filed September 1, 2000;

(10) "Plaintiffs [sic] Response to Defendant's Second Motion for Sanctions", filed September 26, 2000; and

(11) "Defendant General Electric Company's Reply to Plaintiffs' Response to the Second Motions for Sanctions Pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927", filed October 11, 2000.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May, 1998, Plaintiffs filed an action alleging violation of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001 *et seq.* The fifty-three named Plaintiffs allege that when Defendant General Electric Company (hereinafter "GE") closed down its Hickory, North Carolina operations in 1996, it terminated them in a manner intended to adversely affect their eligibility for severance and retirement benefits. In particular, Plaintiffs complained that they were not included among 32 workers selected (by negotiated agreement between GE and Local 182, a chapter of the International Union of Electronic, Electrical, Salaried, Machine, and Furniture Workers (AFL–CIO)) to continue working in the plant to wind down plant operations after the December 31, 1996 closing date. Plaintiffs also complained that GE hired subcontractors (non-bargaining unit employees) to continue working in the plant after the closing date. According to Plaintiffs, by failing to continue to employ Plaintiffs, GE intentionally interfered with their employment benefits or eligibility therefor.

GE moved for summary judgment in April of 1999, arguing that Plaintiffs had failed to establish that GE intentionally interfered with Plaintiffs' employment benefits. In response, Plaintiffs requested additional time to conduct discovery. The Court provided Plaintiffs with 90 additional days of discovery and ordered that Plaintiffs' respond to GE's motion for summary judgment by September 1, 1999. At the end of the 90 day period, during which Plaintiffs conducted no discovery, the Court granted Plaintiffs an additional twenty days in which to complete discovery. Thereafter, Plaintiffs again moved for additional time to complete discovery, and the Court extended the discovery deadline until October 20, 1999. On October 11, 1999, Plaintiffs took three depositions, after which discovery closed. On November 15, 1999, over seven months after GE filed its motion, Plaintiffs submitted their opposition to GE's motion for summary judgment.

On December 22, 1999, Chief Magistrate Judge Carl Horn issued a Memorandum and Recommendation in which he recommended that GE's motion for summary judgment be granted. On February 9, 2000, this Court entered an order adopting the recommendation of the Magistrate Judge. Plaintiffs filed notice that they were appealing this decision to the Fourth Circuit Court of Appeals on March 9, 2000. Thereafter, on July 25, 2000, Plaintiffs filed the instant motions seeking relief from judgment, a hearing, leave to take additional discovery, and to strike certain affidavits submitted by GE.

On January 31, 2000, prior to the Court's order granting GE's motion for summary judgment, GE moved to sanction Plaintiffs pursuant to Fed.R.Civ.P. 11. In addition, on February 22, 2000 GE submitted a motion seeking an award of costs, expenses and attorneys' fees. Magistrate Judge Horn entered a Memorandum and Recommendation on March 22, 2000 in which he recommended that GE's motions for sanctions pursuant to Rule 11 and for costs, expenses and attorneys' fees be granted. In a separate Order issued contemporaneously with this Order, the Court adopted the Magistrate Judge's recommendation as to Rule 11 sanctions and ordered Plaintiffs' attorneys to pay $7,000.00 in sanctions. The Court, however, did not adopt the Magistrate Judge's recommendation as to costs, expenses and attorneys' fees. After Plaintiffs filed their motion seeking relief from judgment, GE filed its second motions for Rule 11 sanctions and for costs, expenses and attorneys' fees.

## II. DISCUSSION OF LAW

### A. Motion for Relief from Judgment Pursuant to Rule 60(b)

■ Rule 60(b) of the Federal Rules of Civil Procedure states that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated in-

trinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b). Rule 60(b) provides an extraordinary remedy that can be invoked only upon a showing of exceptional circumstances. *See McLawhorn v. John W. Daniel & Co., Inc.,* 924 F.2d 535, 538 (4th Cir.1991) (*quoting Compton v. Alton Steamship Co., Inc.,* 608 F.2d 96, 102 (4th Cir.1979)). A Rule 60(b) motion must be timely brought, and the movant must demonstrate, as a threshold condition to relief, a meritorious defense against the claim on which the judgment was entered. *See id.* (*citing Compton,* 608 F.2d at 102; *Werner v. Carbo,* 731 F.2d 204, 206 (4th Cir.1984)).

In their motion for relief from judgment, Plaintiffs argue that relief is appropriate for four reasons: (1) new evidence; (2) new case law; (3) excusable neglect; and (4) GE's misconduct. GE argues that Plaintiffs, in their Rule 60(b) motion, failed to make a the requisite showing of exceptional circumstances, timeliness, and a meritorious defense. The Court agrees that Plaintiffs have made no showing that their motion is justified by exceptional circumstances, timely, or is based on a meritorious defense to the grant of summary judgment. Nonetheless, the Court will proceed to address each of Plaintiffs' arguments in favor of Rule 60(b) relief, none of which are sufficient to relieve Plaintiffs from the Court's judgment.

### 1. New Evidence

 Plaintiffs argue that relief from judgment is appropriate based on newly discovered evidence. Their new evidence consists of the following:

(a) Exhibit 1: July 25, 2000 Affidavit of Plaintiff John Ledford, in which Mr. Ledford states that he qualified for the early retirement Plant Closing Pension Option ("PCPO") after he worked at a GE plant in Rhode Island for approxi-

mately three weeks prior to the plant's closing in April, 2000.

(b) Exhibit 17: January 9, 2000 Affidavit of Plaintiff John Ledford stating that the removal of floor blocks from the Hickory plant is work that does not require special skill and further relating statements made by Kevin Mahoney that Mr. Mahoney has been employed in the plant for eight months doing shutdown work and describing the terms and nature of Mr. Mahoney's employment.

(c) Exhibit 20: January 9, 2000 Affidavit of Plaintiff James Kirby stating that the removal of floor blocks from the Hickory plant is work that does not require special skill.

(d) Exhibit 21: February 8, 2000 Supplemental Affidavit of Plaintiff James Kirby relating statements made by Al Bennett that Mr. Bennett is currently employed in the plant and describing the terms and nature of Mr. Bennett's employment and further relating statements made by Mr. Bennett that he, Ed Wright, Joe Hoyle, Ray Pendly, Jim Kincaid's two stepsons and others currently are working in the plant

(e) Exhibit 23: February 5, 2000 Affidavit of William J. Martin stating that he visited the Hickory plant in May, 1997 and October, 1999 and saw ongoing work at the plant. On the first date, Mr. Martin witnessed approximately 100 workers doing clean up and general labor. On the second date, Mr. Martin witnessed an unspecified number of workers removing floor blocks. Mr. Martin also states that he believes that Joe Hoyle, Al Bennett, and John Edwards continue to work at the Hickory plant.

Rule 60(b)(2) provides that a court may relieve a party from final judgment on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) ...." In order to receive relief based upon newly discovered evidence, the movant must demonstrate:

(1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that it is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

*Boryan v. United States,* 884 F.2d 767, 771 (4th Cir.1989) (*quoting Taylor v. Texgas Corp.* 831 F.2d 255, 259 (11th Cir.1987)); *see also Garrick v. Kelly,* 649 F.Supp. 607 (E.D.Va.1986). In the instant case, Judgment was entered on February 9, 2000. Four of the affidavits submitted by Plaintiffs (Exhibits 17, 20, 21, 23) precede that date. Additionally, had Plaintiffs exercised due diligence, they could have discovered the evidence contained in these four affidavits prior to the entry of judgment. In fact, all of these affidavits contain statements related to ongoing work at the Hickory plant, an issue about which Plaintiffs' counsel questioned Hansford B. Leake at his October 11, 1999 deposition. Furthermore, three of the four affidavits were given by Plaintiffs. Accordingly, the Court finds that these four affidavits do not contain "newly discovered evidence" which would justify relief from Judgment.

Only the July 25, 2000 Affidavit of Plaintiff John Ledford (Exhibit 1) contains evidence that could not have been discovered prior to Judgment, as it discusses events which occurred in April, 2000. However, the evidence contained in this affidavit does not justify relief from judgment, as it is not evidence that is likely to result in a new outcome in the case. GE has continued to acknowledge that upon a plant closure, the company provides all employees special transitional benefits. These benefits include severance payments, job transition assistance, retraining, and preferential hiring at other GE facilities. Pursuant to these transition benefits, Mr. Ledford was hired by GE in Rhode Island. When the Rhode Island plant closed, resulting in Mr. Ledford's termination, he qualified for early retirement plant closing benefit options ("PCPO") under the age 51, 22 years of pension qualified service

("PQS") provision. At the time of the Hickory Plant closure on December 31, 1996, Mr. Ledford did not qualify for a PCPO pension. The fact that Mr. Ledford qualified for PCPO three years later at a different facility does not establish that GE acted with a specific intent to interfere with Mr. Ledford or any other Plaintiffs' attainment of benefits upon the closure of the Hickory Plant. Instead, as GE argues, these facts establish that GE consistently applied its benefit packages in accordance with their terms. Thus, the evidence contained in Mr. Ledford's affidavit is not sufficient to justify relief from judgment pursuant to Rule 60(b)(2).

**2. New Case Law**

Plaintiffs argue that relief from judgment is appropriate based on new case law. According to Plaintiffs, in *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), the United States Supreme Court fundamentally altered the weight to be given to circumstantial evidence in establishing discriminatory intent. While the Court acknowledges that the Supreme Court in *Reeves* clarified the proof necessary to find intentional discrimination, that clarification is not relevant to the instant case. In *Reeves,* the Supreme Court held that "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* at 2109. The Court clarified that a plaintiff need not always produce additional, independent evidence of discrimination. *See id.* In the instant case, the Court granted GE's motion for summary judgment because "Plaintiffs have provided no evidence whatsoever that GE's reasons for not selecting them [for post-closure work] were false or a pretext for unlawful discrimination." (Dec. 22, 1999 M & R at 12.) Thus, Plaintiffs evidence was insufficient, even under the standard laid out in *Reeves,* to establish that GE unlawfully discriminated against Plaintiffs. Accordingly, the *Reeves* decision does not provide an adequate basis for granting relief from judgment pursuant to Rule 60(b).

■ Even if *Reeves* were relevant to the instant case, the Fourth Circuit has held that "a change in a rule of law is not enough to warrant reopening a final judgment under Rule 60(b)(6)." *Nunnery v. Barber,* 503 F.2d 1349, 23 Fed. R. Serv.2d 232, 234 (4th Cir. 1974). The Court in *Nunnery* found that a new Supreme Court decision, issued one year after the court's final judgment and which included no indication that the decision was to have retroactive effect, provided no valid reason to justify relief from judgment. *See id.* In the instant case, the *Reeves* decision was issued four months after the Court's entry of judgment, and *Reeves* includes no indication that it is to be applied retroactively. The Court, therefore, finds that the holding in *Nunnery* is applicable, and that it provides another basis for the Court's finding that *Reeves* does not justify relief from judgment.

### 3. Excusable Neglect

■ Plaintiffs argue that relief from judgment is appropriate based on their excusable neglect in filing late objections to the Magistrate Judge's Memorandum and Recommendations in which he recommended that GE's motion for summary judgment be granted. Rule 60(b)(1) provides that a court may relieve a party from final judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect ...." Because Plaintiffs objections were untimely, the Court concluded that Plaintiffs had waived their right to a *de novo* review of the Memorandum and Recommendations. Instead, after a careful review of the Memorandum, the Court adopted its recommendation and granted GE's motion for summary judgment. Even if Plaintiffs' untimely filing of their objections was due to excusable neglect, such a finding would not justify the Court in granting relief from judgment.

First, the Court did not grant GE's motion for summary judgment because Plaintiffs' filed their objections late. The Court instead changed the standard of review it applied to ,the Magistrate Judge's Memorandum. In-

stead of conducting a *de novo* review, the Court conducted a careful review of the Magistrate Judge's Memorandum and, based on that review, it concluded that the Magistrate's findings of fact and conclusions of law were well-founded. Because the Court's judgment is in no way a result of the Plaintiffs' late filed objections, the Court concludes that even if the late filing was a result of Plaintiffs' excusable neglect, such a finding would not justify relief from judgment.

■ Second, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *CNF Constructors, Inc. v. Donohoe Const. Co.,* 57 F.3d 395, 400 (4th Cir. 1995) (*citing United States v. Williams,* 674 F.2d 310, 312 (4th Cir.1982)). In its late filed objections, Plaintiffs argued that their objections in fact were timely filed. The Court thoroughly considered this argument and ultimately rejected it in its Memorandum and Order of February 9, 2000. Thus, because Plaintiffs merely are rearguing a legal issue already considered by the Court, the Court finds that any excusable neglect by Plaintiffs in filing their objections late would not justify relief from judgment.

### 4. GE's Misconduct

■ Plaintiffs argue that relief from judgment is appropriate based on GE's misconduct in conducting "dump truck" discovery and in submitting an affidavit from Gary McCurry in its reply to Plaintiff's response to GE's motion for summary judgment.[1] Rule 60(b)(3) provides that a court may relieve a party from final judgment on the basis of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party ...." In order to prevail on a Rule 60(b)(3) motion, the movant must establish: (1) a meritorious defense; (2) misconduct by clear and convincing evidence; and (3) that the misconduct prevented the moving party from fully presenting its case. *See Schultz v. Butcher,* 24 F.3d 626, 630 (4th Cir.1994) (*cit-*

---

**1.** Plaintiffs also cite, as evidence of GE's misconduct, GE's statements that it is beneficent and that Plaintiffs' lawsuit demonstrates that "no good deed goes unpunished". The Court finds

that such statements do not constitute misconduct and are not sufficient to justify relief from judgment.

*ing Square Constr. Co. v. Washington Metropolitan Area Transit Authority,* 657 F.2d 68, 71 (4th Cir.1981)).

■ As to the nature of GE's discovery, Plaintiffs are unable to establish that GE's discovery constituted misconduct. In response to Plaintiffs' request for production of documents, GE provided Plaintiffs with all the requested documents in a CD–Rom format. While Plaintiffs now complain that reading the documents prior to printing was extremely burdensome, and that printing the documents would have been extremely costly, Plaintiffs did not raise these issues at the time of discovery. The Court finds that the proper way to challenge the nature of discovery is by bringing a Rule 37 motion for an order compelling discovery or for sanctions, and not by bringing a Rule 60(b)(3) motion for relief from judgment. Accordingly, the Court finds that GE's discovery did not amount to misconduct warranting relief from judgment.

■ As to GE's submission of an affidavit from Gary McCurry in its reply to Plaintiff's response to GE's motion for summary judgment, Plaintiffs are unable to establish that the affidavit prevented them from fully presenting their case. Plaintiffs complain that Mr. McCurry's affidavit contradicted the deposition testimony of Hansford Leake regarding ongoing work at the Hickory plant. According to Plaintiffs, Mr. McCurry's affidavit provided new answers to material allegations which were confirmed by Mr. Leake's admissions. The Court finds that the contents of Mr. Leake's deposition were before the Court when it considered GE's motion for summary judgment, and thus the submission of Mr. McCurry's affidavit did not prevent Plaintiffs from fully presenting their case. The Court also notes that Plaintiffs appear to rely too heavily on Mr. Leake's deposition, which is riddled with uncertainty about the nature and extent of work ongoing at the Hickory plant. Thus, even in the absence of Mr. McCurry's affidavit, Mr. Leake's testimony at best would establish that five temporary workers were hired to move furniture after the plant closed and that the floor in the plant needed to be removed, which Mr. Leake testified was an "environmental activity." This testimony was not sufficient to establish that GE hired any subcontractors with the specific intent to interfere with Plaintiffs' pension rights.

The Court finds that Plaintiffs have failed to establish that they are entitled to the extraordinary remedy of relief from judgment. Plaintiffs have not presented new evidence, have not presented relevant new case law, have not established excusable neglect, and have not established any misconduct by GE. Accordingly, the Court will deny Plaintiffs' motion for relief from judgment.

### B. Motion for a Hearing

In conjunction with their motion for relief from judgment, Plaintiffs also submitted a request for hearing. Plaintiffs argue that a hearing is necessary because they have new evidence which materially affects the Court's decision and because the Supreme Court's ruling in *Reeves* creates new law which has an impact on this matter. As the Court has concluded that Plaintiffs have no new evidence and that the *Reeves* decision is irrelevant to the instant case, the Court will deny Plaintiffs' request for a hearing.

### C. Motion to Take Additional Discovery

In conjunction with their motion for relief from judgment, Plaintiffs also submitted a motion seeking leave of Court to take the depositions of 10 individuals or for the production of all documents relating to their employment by GE. As the Court has denied Plaintiffs' motion for relief from judgment, it finds no need to grant Plaintiffs' request for additional discovery. The Court also notes that Plaintiffs were provided several extension of time in which to complete discovery, and have not explained why their current discovery requests where not made during normal discovery. *See H.K. Porter Co. v. Goodyear Tire & Rubber Co.,* 536 F.2d 1115, 1118 (6th Cir.1976) (holding that moving party was not entitled to post-judgment discovery it did not seek during pretrial discovery and that post-judgment discovery is not a proper method for reviewing pretrial discovery).

### D. Motion to Strike Pursuant to Rule 56(g)

In conjunction with their motion for relief from judgment, Plaintiffs also submitted a motion seeking to strike the affidavits of Evelyn Kauffman and Gary McCurry pursuant to Rule 56(g). That rule provides:

> Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expense which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Fed.R.Civ.P. 56(g). Plaintiffs argue that GE submitted the affidavits of Evelyn Kauffman and Gary McCurry in bad faith. GE submitted each of these affidavits with its reply to Plaintiff's opposition to GE's motion for summary judgment. The Court finds that neither affidavit was submitted in bad faith and therefore refuses to strike them, which the Court incidentally notes does not appear to be a remedy provided for in Rule 56(g).

Plaintiffs allege that the fact that John Ledford qualified for early retirement benefits after working at a GE plant in Rhode Island casts doubt on the relevance and veracity of the affidavit of Evelyn Kauffman. Ms. Kauffman's affidavit merely states what GE's pension records reflect about Mr. Ledford at a particular point in time. At the time of the Hickory plant closure on December 31, 1996, Mr. Ledford did not qualify for a PCPO pension. As Ms. Kauffman attested, he was then 47 years old with 28 years of Pension Qualified Service ("PQS"). The fact that Mr. Ledford qualified for PCPO three years later does not call into question the relevancy or veracity of Ms. Kauffman's affidavit, and it certainly does not establish that GE submitted the affidavit in bad faith or solely for the purpose of delay. Accordingly, the Court refuses to strike the affidavit.

Plaintiffs allege that the information provided in Mr. McCurry's affidavit contradicts the sworn testimony of Hansford Leake. As noted earlier, Mr. Leake's affidavit testimony is riddled with uncertainty regarding the nature and extent of post-closure work at the Hickory plant. Thus, Mr. McCurry's affidavit, which clarifies the type of work ongoing at the plant, does not contradict Leake's testimony. Further, there is absolutely no basis for arguing that GE filed the affidavit in bad faith or for the sole purpose of delay. Accordingly, the Court refuses to strike the affidavit.

### E. Motion for Rule 11 Sanctions

 In response to Plantiffs' motions for relief from judgment, for a hearing, for additional discovery, and to strike certain affidavits, GE submitted a motion seeking Rule 11 sanctions. A court may sanction a party if it presents a pleading or written motion that is not warranted by existing law or an extension of existing law. *See* Fed.R.Civ.P. 11(b)(2), (c).

> An assertion of law violates Fed.R.Civ.P. 11(b)(2) when, applying a standard of objective reasonableness, it can be said that "a reasonable attorney in like circumstances could [not have] believe[d] his actions to be ... legally justified." .... A legal contention is unjustified when "a reasonable attorney would recognize [it] as frivolous." .... Put differently, a legal position violates Rule 11 if it "has 'absolutely no chance of success under the existing precedent.'"

*In re Sargent,* 136 F.3d 349, 352 (4th Cir. 1998) (citations omitted). GE argues that Plaintiffs' post-judgment motions demonstrate a sanctionable lack of pre-filing investigation or legal inquiry. The Court agrees that Plaintiffs' post-judgment motions, which were legally unjustified, frivolous, and had absolutely no chance of success, violated Rule 11(b)(2).

In Plaintiffs' Rule 60(b) motion, Plaintiffs failed to make the requisite showing of timeliness, meritorious defense, no unfair prejudice, and exceptional circumstances. *See McLawhorn,* 924 F.2d at 538. In addition, Plaintiffs did not—and could not—establish that one of Rule 60(b)'s six grounds entitled them to relief from judgment. Plaintiffs'

motion was not predicated upon "newly discovered evidence", as that term is used in Rule 60(b)(2). The affidavits Plaintiffs submitted, most of which were from individual Plaintiffs, contained information that Plaintiffs most certainly could have discovered had it had exercised due diligence during the discovery period. Additionally, the affidavit of Plaintiff John Ledford also was not "newly discovered evidence" because, contrary to Plaintiffs' belief, no reasonable attorney would have concluded that Mr. Ledford's qualification for plant closing benefits three years after the Hickory plant closed established that GE's failure to retained Plaintiffs was based on its specific intent to deny Plaintiffs' pension rights. In fact, Mr. Ledford's affidavit establishes quite convincing that GE makes every effort to ensure that its employees are able to achieve all pension rights to which they are entitled.

Plaintiffs' argument that its Rule 60(b) motion was justified based on new case law also had no chance of success on the merits. First, Plaintiffs failed to establish that a change in law provides an appropriate basis for relief from judgment. Such a showing was essential, as the Fourth Circuit has held that "a change in a rule of law is not enough to warrant reopening a final judgment under Rule 60(b)(6)." *Nunnery,* 503 F.2d 1349, 23 Fed. R. Serv.2d at 234. Second, Plaintiffs reliance on the *Reeves* decision is unjustified and unreasonable, as *Reeves* is not relevant to the instant case. Specifically, *Reeves* clarified that, once a plaintiff establishes a *prima facie* case of discrimination *and* rebuts a defendant's explanation for its actions, it need not introduce any additional evidence of unlawful discrimination in order for the trier of fact to conclude that the employer unlawfully discriminated. *Reeves,* 120 S.Ct. at 2109. The Court did not grant GE's motion for summary judgment because Plaintiffs were unable to present additional evidence of discrimination, which would have implicated *Reeves.* Instead, the Court held that Plaintiffs were unable to rebut GE's reasons for not continuing to employ Plaintiffs and, consequently, were unable to establish that GE acted with the specific intent to interfere with the Plaintiffs' attainment of their pension rights.

Plaintiffs' assertion that their Rule 60(b) motion was justified because of excusable neglect is also unreasonable and frivolous. As previously explained, Plaintiffs failed to acknowledge that "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *CNF Constructors, Inc. v. Donohoe Const. Co.,* 57 F.3d 395, 400 (4th Cir. 1995) (*citing United States v. Williams,* 674 F.2d 310, 312 (4th Cir.1982)). In issuing its Memorandum and Order of February 9, 2000, the Court previously considered and rejected Plaintiffs' arguments that their objections were timely. Thus, Plaintiffs' argument regarding why their objections were not timely made—excusable neglect—already had been considered by the Court. In addition, Plaintiffs' argument regarding excusable neglect is frivolous because Plaintiffs made no effort to establish why the extraordinary remedy of relief from judgment should be granted merely because Plaintiffs filed untimely objections to the Magistrate Judge's Memorandum and Recommendation. In fact, no reasonable attorney would argue that relief from judgment should be based on these grounds.

Plaintiffs' argument that their Rule 60(b) motion was justified based on GE's misconduct also had no chance of success on the merits. First, as clearly required by Fourth Circuit precedent, Plaintiffs failed to establish: (1) a meritorious defense; (2) misconduct by clear and convincing evidence; and (3) that the misconduct prevented the moving party from fully presenting its case. *See Schultz v. Butcher,* 24 F.3d 626, 630 (4th Cir.1994) (*citing Square Constr. Co. v. Washington Metropolitan Area Transit Authority,* 657 F.2d 68, 71 (4th Cir.1981)). Plaintiffs allege misconduct by GE based on GE's submission of responses to discovery on a CD–Rom and GE's submission of an affidavit in its reply to Plaintiffs' opposition to GE's motion for summary judgment. It is frivolous for Plaintiffs to argue, months after their occurrence, that these actions amounted to misconduct or that they prevented Plaintiffs from fully presenting their case. Further, with respect to GE's discovery submissions, Plaintiffs never sought to compel discovery or sanction GE pursuant to Rule 37. Ac-

cordingly, these arguments, when made in conjunction with a Rule 60(b) motion, had absolute no chance of success on the merits.

The Court concludes that Plaintiffs violated Rule 11 by filing its motion for relief from judgment. In addition, Plaintiffs' motions for a hearing, for additional discovery, and to strike certain affidavits, also violate Rule 11. Initially, all these motions stem from Plaintiffs' Rule 60(b) motion, which the Court has conclude violated Rule 11. In addition, except for citations to Federal Rules of Civil Procedure, none of these motions set forth any precedent or other controlling law in support of Plaintiffs' request. Just as no reasonable attorney would have filed a motion for relief from judgment, no reasonable attorney would have filed these three corollary motions. Because these frivolous motions had absolute no chance of success on the merits, in large part because they depended upon the success of Plaintiffs' Rule 60(b) motion, they also subject Plaintiffs to Rule 11 sanctions.

 In determining the appropriate amount of a sanction, the Court must consider four factors: (1) the reasonableness of the opposing party's attorneys' fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violations. *See Brubaker v. City of Richmond,* 943 F.2d 1363, 1374 (4th Cir.1991) (*citing In re Kunstler,* 914 F.2d 505, 523 (4th Cir.1990)). GE requests that the Court sanction Plaintiffs the full amount of GE's reasonable costs and fees in defending against Plaintiffs' post-judgment motions. The Court finds that a sanction equaling GE's reasonable cost and fees is sufficient to deter Plaintiffs and others from filing frivolous Rule 60(b) and related motions, is likely to be within the Plaintiffs' ability to pay, and appropriately responds to the severity of this Rule 11 violation. While GE has not submitted an estimate of its post-judgment costs and fees, it has indicated that it will submit an appropriate certification of those costs and fees as directed by the Court upon entry of an Order of sanctions. Accordingly, the Court will order GE to submit an itemized list of their reasonable costs and attorneys' fees within 10 days of the date of this Order.

Plaintiffs will have 10 days to object, if at all, to the reasonableness of GE's costs and fees; GE will have 10 days to reply to any such objection. Further, upon its determination of the amount of the sanction, the Court will order that this entire amount be assessed against Plaintiffs' attorney, Phyllis A. Palmieri, in part because of the requirement imposed by Fed.R.Civ.P. 11(c)(2)(A) ("Monetary sanction may not be awarded against a represented party for a violation of subdivision (b)(2)"). Finally, in order to effect deterrence, the Court will order that the entire amount be paid to GE to reimburse its reasonable attorneys' fees and expenses incurred as a result of Plaintiffs' Rule 11 violation, as allowed by Rule 11(c)(2).

## F. Motion for Costs, Expenses, and Attorneys' Fees Pursuant to 28 U.S.C. § 1927

Pursuant to 28 U.S.C.A. § 1927 (West 1994), "[a]ny attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." This section is intended to sanction "conduct Rule 11 does not reach; i.e. protracting or multiplying the litigation to run up the opposing party's costs, remedied by awarding excess attorneys' fees and costs." *Bakker v. Grutman,* 942 F.2d 236, 242 (4th Cir.1991). Because the Court has determined that an award of costs and attorneys' fees is an appropriate sanction for Plaintiffs' Rule 11 violations, the Court declines to consider if the same remedy is also warranted under § 1927.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that "Plaintiffs' Motion for Relief from Judgment" is hereby **DENIED.**

**IT IS FURTHER ORDERED** that "Plaintiff's [sic] Request for Hearing", "Plaintiffs' Motion for Leave of Court to Take Additional Discovery", and "Plaintiffs' Motion to Strike Pursuant to Rule 56(g)" are hereby **DENIED;**

IT IS FURTHER ORDERED that "Defendant General Electric Company's Second Motion for Sanctions Pursuant to Fed. R.Civ.P. 11" is hereby **GRANTED**. Within 10 days of the filing of this Order, Defendant General Electric Company shall submit to this Court an itemized list of its reasonable attorneys' fees and expenses incurred in responding to "Plaintiffs' Motion for Relief from Judgment", "Plaintiff's [sic] Request for Hearing", "Plaintiffs' Motion for Leave of Court to Take Additional Discovery", and "Plaintiffs' Motion to Strike Pursuant to Rule 56(g)". Plaintiffs shall have 10 days to object, if at all, to the reasonableness of GE's costs and fees. Defendant shall have 10 days to reply to any such objection. After determining the amount of Defendant's reasonable attorneys' fees and costs, the Court will issue a separate Order directing Phyllis A. Palmieri to immediately and personally pay this amount to Defendant.

IT IS FURTHER ORDERED that "Defendant General Electric Company's Second Motion for Costs, Expenses, and Attorneys' Fees Pursuant to 28 U.S.C. § 1927" is hereby **DENIED**.

### MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on "Plaintiffs Motion for Stay of Proceedings to Enforce a Judgment Pursuant to Rule 62(a), (b) and (d); and Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (Memorandum Incorporated)", filed December 22, 2000. "Defendant General Electric Company's Opposition to Plaintiffs' Motion for Stay and Motion to Alter or Amend Judgment" was filed January 8, 2001. Plaintiffs filed their "Plaintiffs' Reply to GE's Response to Motion Pursuant to Rule 59(e)" on January 22, 2001. Accompanying Plaintiffs' reply was a "Motion for Leave to Reply Out of Time". An "Amended Motion for Leave to Reply out of Time" was filed on January 25, 2001 and reflects Defendant's opposition to the motion.

### I. PROCEDURAL BACKGROUND

In May, 1998, Plaintiffs filed an action alleging violation of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001 et seq. The fifty-three named Plaintiffs allege that when Defendant General Electric Company (hereinafter "GE") closed down its Hickory, North Carolina operations in 1996, it terminated them in a manner intended to adversely affect their eligibility for severance and retirement benefits. GE moved for summary judgment in April of 1999, arguing that Plaintiffs had failed to establish that GE intentionally interfered with Plaintiffs' employment benefits. On November 15, 1999, after being granted several extensions of time in which to complete discovery, Plaintiffs submitted their opposition to GE's motion for summary judgment.

On December 22, 1999, Chief Magistrate Judge Carl Horn issued a Memorandum and Recommendation in which he recommended that GE's motion for summary judgment be granted. On February 9, 2000, this Court entered a Memorandum and Order adopting the recommendation of the Magistrate Judge. Plaintiffs filed notice that they were appealing this decision to the Fourth Circuit Court of Appeals on March 9, 2000. Thereafter, on July 25, 2000, Plaintiffs filed motions in this Court seeking relief from judgment, a hearing, leave to take additional discovery, and to strike certain affidavits submitted by GE.

On January 31, 2000, prior to the Court's order granting GE's motion for summary judgment, GE moved to sanction Plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure. In addition, on February 22, 2000 GE submitted a motion seeking an award of costs, expenses and attorneys' fees. Magistrate Judge Horn entered a Memorandum and Recommendation on March 22, 2000 in which he recommended that GE's motions for sanctions pursuant to Rule 11 and for costs, expenses and attorneys' fees be granted. In a Memorandum and Opinion issued December 8, 2000, the Court adopted the Magistrate Judge's recommendation as to Rule 11 sanctions in the amount of $7,000.00. The Court, however, did not adopt the Magistrate Judge's recommendation as to costs, expenses and attorneys' fees. The Court ordered GE to submit an itemized list of its reasonable attorneys' fees and costs incurred prior to the entry of judgment. The Court

indicated that after it determined that GE's reasonable attorneys' fees and expenses exceeded $7,000.00, it would issue a separate order directing Phyllis A. Palmieri to immediately and personally pay GE $7,000.00.

After Plaintiffs filed their motion seeking relief from judgment, GE filed its second motions for Rule 11 sanctions and for costs, expenses and attorneys' fees. In a Memorandum and Opinion issued December 8, 2000, the Court granted GE's motion for Rule 11 sanctions, but denied its motion for costs, expenses and attorneys' fees. The Court ordered GE to submit an itemized list of its reasonable attorneys' fees and costs incurred in opposing Plaintiffs' post-judgment filings. The Court indicated that after it determined the amount of GE's reasonable attorneys' fees and costs, it would issue a separate order directing Phyllis A. Palmieri to immediately and personally pay this amount to GE.

## II. MOTION FOR LEAVE TO REPLY OUT OF TIME

Plaintiffs' "Motion for Leave to Reply Out of Time" was filed on January 22, 2001, four days after their reply was due. Thus, Rule 6(b)(2) of the Federal Rules of Civil Procedure governs the Court's consideration of Plaintiffs' motion. Rule 6(b)(2) states that "[w]hen ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect ...." Thus, the Court may exercise its discretion to extend the time for Plaintiffs to reply, but only for "cause shown" and only if the failure to act in a timely fashion was the result of "excusable neglect." Rule 7(b)(1) requires that Plaintiffs' motion "state with particularity the grounds therefore ...." Plaintiffs' January 22, 2001 motion did not provide any indication as to why Plaintiffs failed to timely file their motion, and thus did not comply with the requirements of Rule 7(b)(1). Only their amended motion, filed January 25, 2001, alleges facts that might constitute excusable neglect.

As grounds for their motion to reply out of time, Plaintiffs allege in their amended motion that "[w]hen the Response was received on January 8, 2001, it was inadvertently entered into Abacus as due on January 23, 2001, or ten working days hence. On January 22, 2001, counsel for plaintiffs discovered the error, immediately prepared the response, which was then driven to the Court in Statesville, North Carolina for filing." These allegations might constitute excusable neglect, especially given that Plaintiffs are seeking to file an untimely reply, to which no additional response is permitted. However, in light of Plaintiffs' counsel's chronic failure to adhere to filing deadlines, which the Court discussed in its Memorandum and Order filed February 9, 2000, the Court finds that Plaintiffs' failure to timely file their reply is not a result of excusable neglect. Instead, it represents a pattern of inattention to filing requirements and a disregard by Plaintiffs' counsel of her client's interests. Therefore, the Court, acting pursuant to the discretion granted it by Rule 6(b)(2), will deny Plaintiffs' motion to reply out of time and will not consider the contents of "Plaintiffs' Reply to GE's Response to Motion Pursuant to Rule 59(e)" in ruling on Plaintiffs' motions to alter or amend judgment and to stay proceedings to enforce judgment.

## III. MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e)

Plaintiffs seek to alter or amend the Court's orders entered December 8, 2000 in which the Court granted GE's first and second motions for sanctions. Plaintiffs make their motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which provides that "[a]ny motion to alter or amend a judgment shall be filed not later than 10 days after entry of the judgment."

Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, we have previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not avail-

able at trial; or (3) to correct clear error of law or prevent manifest injustice. *See Lockheed Martin Corp.,* 116 F.3d at 112; *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993). Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. Of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance.... In general "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." [11 Charles Alan] Wright[, Arthur R. Miller & Mary Kay Kane] et al., *supra,* § 2810.1, at 124. *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998).

■ According to Plaintiffs, an amendment is warranted "on the grounds that the existing law and the expansion of ERISA law, as well as the facts provided by Plaintiffs provided sufficient basis for a non-frivolous, good faith claim, capable of expanding existing precedent, and sufficient to withstand Summary Judgment." (Pl. Mot. at 4.) GE objects to Plaintiffs' motion for two reasons. First, GE argues that Plaintiffs' motion is premature because neither of the Court's orders set a final sanction amount due and payable, but instead stated that a separate order would be entered. Thus, GE contends that neither order constitutes a final order or judgment as those terms are used in the Federal Rules of Civil Procedure. Second, GE argues that, even if the Court's December 8th orders were "judgments", Plaintiffs' motion fails to meet the standard required for a Rule 59(e) motion.

GE may be correct that Plaintiffs' motion is premature, in that the Court has yet to set a final sanction amount due and payable. GE is also correct that Plaintiffs' motion fails to meet the standard required for a Rule 59(e) motion. In fact, upon review of Plaintiffs' motion, it is difficult for the Court to discern Plaintiffs' basis for the motion. The clearest statement of the grounds for their motion appears to be that "the existing law and the expansion of ERISA law, as well as the facts provided by Plaintiffs provided sufficient basis for a non-frivolous, good faith claim, capable of expanding existing precedent, and sufficient to withstand Summary Judgment." (Pl. Mot. at 4.) However, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *In re Reese,* 91 F.3d 37, 39 (7th Cir.1996) (*quoting Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir.1995)). As GE correctly notes, the Court already considered and rejected Plaintiffs' basis for an amendment or alteration of judgment when it denied Plaintiffs' motion for relief from judgment. Therefore, the Court will deny Plaintiffs' motion to alter or amend judgment.

## IV. MOTION FOR STAY OF PROCEEDINGS TO ENFORCE JUDGMENT PURSUANT TO RULES 62(a), (b), AND (d)

Plaintiffs have requested that this Court stay the enforcement of its orders pursuant to Rule 62(a), (b), and (d). Rule 62(b) states that "in its discretion and on such conditions for the security of the adverse party that are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion ... to alter or amend a judgment made pursuant to Rule 59 ...." Because the Court has denied Plaintiffs' motion to alter or amend judgment, a stay is not warranted pursuant to Rule 62(b).

■ Rule 62(d) states that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay .... The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court." When a supersedeas bond is posted, the party seeking the stay is entitled to the stay as a matter of right. *See Alexander v. Chesapeake, Potomac, and Tidewater Books, Inc.,* 190 F.R.D. 190, 192 (E.D.Va.1999) (*citing*

*Federal Prescription Serv., Inc. v. American Pharm. Ass'n*, 636 F.2d 755, 759 (D.C.Cir. 1980)). In their motion, Plaintiffs request the Court to stay the proceedings without first requiring them to post a supersedeas bond. Thus, Plaintiffs are not entitled to a stay as a matter of right.

■ Rule 62(d), while addressing when a party is entitled to a stay as a matter of right, does not address when a court, in its discretion, may stay a judgment pending appeal on terms other than a full supersedeas bond. In its response, GE suggests that the Court has no discretion to grant a stay when a party has not posted a supersedeas bond. However, the Court disagrees, finding that Rule 62(d) does not preclude the issuance of a stay on the basis of some lesser bond, or no bond at all. *See id.*

■ Before the Court can exercise its discretion to grant a stay without a bond, it must first determine that a stay is warranted. The Supreme Court has set forth the factors regulating the issuance of a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) (citations omitted). After determining that a stay is warranted, the Court must then determine that it should issue a stay on less than a full bond securing the entire judgment. In making this determination, the Court must be mindful of the purpose for requiring a bond on appeal, "to 'preserve the status quo while protecting the non-appealing party's rights pending appeal.'" *Alexander*, 190 F.R.D. at 193 (*quoting Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). Accordingly, a bond may not be necessary either "(i) when the judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal, and (ii) when 'the judgment debtor's present financial condition is such that the posting of a full bond

would impose an undue financial hardship.'" *Id.* (*quoting Poplar Grove*, 600 F.2d at 1191). In either of these cases, the Court need not require a full supersedeas bond, but it still must find some other way "'to make the judgment creditor as well off during the appeal as it would be if it could execute at once, but not better off.'" *Id.* (*quoting Olympia Equip. Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 796 (7th Cir.1986)).

■ In the instant case, Plaintiffs argue that each of the *Braunskill* factors warrant a stay. In addition, Plaintiffs request that the stay be issued without requiring them to post a supersedeas bond, but do not indicate the basis for this request. In response, GE argues that a stay is not warranted for two reasons. First, GE argues that Plaintiffs appeal is premature. Second, GE argues that Plaintiffs have not posted or offered to post a supersedeas bond. The Court does not agree that Plaintiffs must post a supersedeas bond in order to seek a stay. However, the Court finds that it cannot grant Plaintiffs request to waive the bond requirement because, at this time, Plaintiffs have not demonstrated why it cannot post a bond, nor have they proposed some other arrangement for substitute security. The Court also agrees that Plaintiffs' 62(d) motion is premature, and it is on this ground that it denies Plaintiffs' motion. As the heading to Rule 62 indicates ("Stay of Proceedings to Enforce a Judgment"), a stay is designed to prohibit the prevailing party from enforcing a judgment. However, in the instant case, GE cannot institute proceedings to collect the sanctions imposed against Ms. Palmieri, because the Court has not yet entered a final order setting the sanction amounts. Because the Court still has under its consideration the amount of sanctions to be imposed, and indicated that it would issue a separate order as to the amount of sanctions, it has not yet entered a final order disposing of this issue. Thus, Plaintiffs' motion is premature.

## V. ORDER

IT IS, THEREFORE, ORDERED that "Plaintiffs Motion for Stay of Proceedings to Enforce a Judgment Pursuant to Rule 62(a), (b) and (d); and Motion to Alter or Amend

Judgment Pursuant to Rule 59(e) (Memorandum Incorporated)" is hereby **DENIED**.

**IT IS FURTHER ORDERED** that "Plaintiffs Motion for Leave to Reply Out of Time" and "Plaintiffs Amended Motion for Leave to Reply Out of Time" are hereby **DENIED**.